IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02579-GPG

STEPHEN HAFF, Private flesh and blood Sovereign American Citizen,

    Applicant,

v.

PATRICK FIRMAN, Sheriff of the City and County of Denver,

    Respondent.

## ORDER TO AMEND APPLICATION

Applicant, Stephen Haff, is currently detained at the Denver County Jail. Mr. Haff initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. The Court reviewed the documents, determined they were deficient, and entered an order on November 25, 2015, instructing Mr. Haff cure the designated deficiencies. On December 23, 2015, Mr. Haff submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 9) challenging his pretrial detention.

The Court must construe the Application liberally because Mr. Haff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Haff will be ordered to amend the Application.

In the Application, Mr. Haff alleges that he was arrested on January 12, 2015

and "deposited into the custody of the respondent Sheriff of the City and County of Denver." (ECF No. 8 at 2.) He further alleges that the State of Colorado initiated proceedings against him for "alleged violations of the State's 'criminal statutes.'" (*Id.*). He asserts five claims based on the fact that he is "a Private Sovereign American Citizen." Specifically, he asserts that

- [i]t is lawfully impossible for [him] to violate any statute belonging to the state because [he] is not and has never been a member, subject, and/or affiliated in any way with the state (claim one);

- [he] is not subject to the Denver County and District Courts (claim two);

- [t]he state lacks legal standing to bring and maintain [his criminal] case because the state has not suffered an (1) injury in fact (2) to a legally protected interest (claim three);

- Article III. Section 2. Clause 2., of the Constitution for the United States of America specifically prohibits any state from exerting jurisdiction over [his criminal case] (claim four); and

- [t]he true nature of the proceeding is of a commercial nature and the state and the state courts exerting jurisdiction over it. Are using a quasi form of admiralty-maritime rules to intentionally deceive the applicant (claim five).

(ECF No. 8 at 2-12).

Mr. Haff seeks an order "directing the respondent to certify the true cause of the applicant's detention." (*Id.* at 13).

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a)(1), a pleading "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim

2

showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts also requires that Mr. Haff go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). The Rules Governing Section 2254 Cases apply to § 2241 actions. *See* Rules Governing Section 2254 Cases, Rule 1(b). Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. Haff has failed to meet the requirements of both Rule 8 of the Federal Rules of Civil Procedure and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Application fails to provide a short and plain statement of his claims showing that he is entitled to relief. Moreover, his naked allegations of constitutional violations are insufficient. Mr. Haff, however, will be given an opportunity to file an Amended Application that complies with Rule 8 and Rule 4. The Amended Application that Mr. Haff will be directed to file must stand on its own as a pleading that asserts, clearly and concisely, each claim he intends to assert in this action. Mr. Haff also is instructed to assert specifically in the Amended Application how his federal rights have been violated.

Accordingly, it is

4

ORDERED that Mr. Haff file **within thirty days from the date of this Order** an Amended Application that complies with this Order.  It is

FURTHER ORDERED that if Mr. Haff fails within the time allowed to file an Amended Application as directed the action will be dismissed without further notice.

DATED at Denver, Colorado, this 30th  day of December , 2015.

BY THE COURT:

S/ Gordon P. Gallagher

GORDON P. GALLAGHER
United States Magistrate Judge