IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02579-GPG

STEPHEN HAFF, Private flesh and blood Sovereign American Citizen,

    Applicant,

v.

PATRICK FIRMAN, Sheriff of the City and County of Denver,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Stephen Haff, is a pre-trial detainee at the Denver County Jail in Denver, Colorado. He has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 9) in which he asserts that his Fifth, Sixth, and Fourteenth Amendment rights have been violated in an ongoing state criminal proceeding because he is "a Private Sovereign American Citizen." The Court must construe the Application liberally because Mr. Haff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied and the action will be dismissed without prejudice.

In the Application, Mr. Haff alleges that he was arrested on January 12, 2015 and "deposited into the custody of the respondent Sheriff of the City and County of Denver." (ECF No. 9 at 2). He further alleges that the State of Colorado initiated criminal

proceedings against him for "alleged violations of the State's 'criminal statutes.'" (*Id.*). He then asserts the following five claims:

- [i]t is lawfully impossible for the applicant to violate any statute belonging to the state because the applicant is not and has never been a member, subject, and/or affiliated in any way with the state (claim one);

- [t]he applicant is not subject to the Denver County and District Courts (claim two);

- [t]he state lacks legal standing to bring and maintain [his criminal] case because the state has not suffered an (1) injury in fact (2) to a legally protected interest (claim three);

- Article III. Section 2. Clause 2., of the Constitution for the United States of America specifically prohibits any state court from exerting jurisdiction over [his criminal] case (claim four); and

- [a]lthough the underlying matter is called a criminal case. The true nature of the proceeding is of a commercial nature and the state and the state courts exerting jurisdiction over it. Are using a quasi form of admiralty-maritime rules to intentionally deceive the applicant (claim five).

(ECF No. 9 at 2-12).

Mr. Haff seeks an order "directing the respondent to certify the true cause of the applicant's detention." (*Id.* at 13).

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate under *Younger* if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889. The abstention principles of *Younger* are jurisdictional and apply when the petitioner seeks federal habeas corpus relief under 28

U.S.C. § 2241 to enjoin a pending state criminal proceeding.  *See Dolack v. Allenbrand*, 548 F.3d 891, 893 (10th Cir. 1977).

The first condition for *Younger* abstention is met because Mr. Haff concedes that the state criminal proceeding is ongoing.  The second condition also is satisfied because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).  Under the third condition, Mr. Haff will have an opportunity to raise his constitutional claims during the state criminal proceeding and there is no reason to believe his claims will not be given full and proper consideration by the state courts.  *See Kugler v. Helfant*, 421 U.S. 117, 95 S. Ct. 1254 (1975) (noting that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").  The fact that Mr. Haff's efforts to prevent the State from prosecuting the criminal case against him so far have been unsuccessful does not mean that he has not had, or does not have, an adequate opportunity to present his federal constitutional issues during the state court proceedings.

Mr. Haff "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.  It is Mr. Haff's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*  Notwithstanding Mr. Haff's clearly stated belief that the state court lacks jurisdiction to prosecute him, Mr. Haff does not allege any facts to suggest that the criminal case was commenced with no reasonable hope of success.  He also fails to demonstrate or even allege any improper motivation for the charges.  Finally, there is no indication that the criminal case against Mr. Haff has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion.

Finally, Mr. Haff has not shown an irreparable injury stemming from the state court criminal prosecutions.  The fact that he will be forced to stand trial on the criminal charges does not establish great and immediate irreparable injury.  *See Phelps*, 122 F.3d at 889 (The "'threat to the plaintiff's federally protected rights' is only irreparable if it 'cannot be eliminated by . . . defense against a single prosecution.'") (quoting *Younger,* 401 U.S. at  46).  *See also Dolack ,* 548 F.2d at 894.  In short, Mr. Haff's conclusory assertions in support of his claims are not sufficient to overcome the bar of *Younger* abstention. Therefore, the Court should abstain from exercising jurisdiction.

If Mr. Haff ultimately is convicted in state court, and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 9), filed *pro* se by Applicant, Stephen Haff, is DENIED and this action is DISMISSED WITHOUT PREJUDICE pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). It is

FURTHER ORDERED that the "Appeal from Magistrate Judge Gordon P. Gallagher's Order to Amend Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C.A. § 636(b)(1)(A)" (ECF No. 11) is DENIED as moot. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Haff has not made a substantial showing of the denial of a constitutional right.

Dated January 21, 2016, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court